IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY GARCIA,**

      **Plaintiff,**

**v.**                                **No. CIV-14-0268 BRB/LAM**

**CORRECTIONS CORPORATION
OF AMERICA, Inc., et al.,**

      **Defendants.**

**ORDER ADOPTING JOINT STATUS REPORT AND
PROVISIONAL DISCOVERY PLAN WITH CHANGES AND
SETTING CASE MANAGEMENT DEADLINES**

**THIS MATTER** came before the Court on a telephonic Rule 16 Initial Scheduling Conference held on April 28, 2016.  Following a review of the parties' Joint Status Report and Provisional Discovery Plan filed on April 14, 2016, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of twenty-five (25) Interrogatories, including all discrete subparts, by each party to any other party (responses due <u>30</u> days after service);

    b)    Maximum of twenty-five (25) Requests for Production by each party to any other party (responses due <u>30</u> days after service);

    c)    Maximum of twenty-five (25) Requests for Admission by each party to any other party (responses due <u>30</u> days after service);

    d)    Maximum of five (5) depositions by Plaintiff(s) and five (5) depositions by Defendant(s); and

    e)    Depositions of named parties and experts are limited to 7 hours, unless extended by agreement of the parties; depositions other than of named parties and experts are limited to 4 hours unless extended by agreement of the parties.

The following case management deadlines have been set:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **May 31, 2016** |
| b) | Deadline for Defendant(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **July 1, 2016** |
| c) | Plaintiff(s)' Rule 26 (a)(2) expert disclosure[1]: | **August 29, 2016** |
| d) | Defendant(s)' Rule 26 (a)(2) expert disclosure[1]: | **September 28, 2016** |
| e) | Termination date for discovery: | **October 28, 2016** |
| f) | Motions relating to discovery to be filed by: | **November 18, 2016** |
| g) | Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) filed by: | **December 9, 2016** |
| h) | Pretrial Order: Plaintiff(s) to Defendant(s) by:  Defendant(s) to Court by: | **February 28, 2017**  **March 14, 2017** |

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report. *See* Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp. 2d 1174 (D.N.M. 2007), and *Blodgett v. United States*, 2008 WL 1944011 (D. Utah). Expert witnesses not required to provide a written report must provide a summary disclosure under Rule 26(a)(2)(C) by this date. The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.